I would reverse the order of the Superior Court and remand this case to the Philadelphia County Common Pleas Court for proceedings consistent with this concurring and dissenting opinion.

548 A.2d 1223

**Frank McGUIRE, Appellant,**

v.

**SCHNEIDER, INC.**

Supreme Court of Pennsylvania.

Argued Sept. 27, 1988.

Decided Oct. 20, 1988.

Geoffrey P. Wozman, Martin E. Goldhaber, Mary C. Fairley, Pittsburgh, for appellant.

*Guaranty Fund,* 52 Ill.App.3d 237, 10 Ill.Dec. 81, 367 N.E.2d 469 (1977). I have reviewed these cases and find that they did not consider the specific issue raised in the instant case. I agree with the observation made in *Vokey* that these cases generally stand for the notion that the collateral source rule has no application to the recovery of uninsured motorist proceeds in these situations, and such proceeds are to be offset against any recovery obtained from the Guaranty Fund.

The appellee also cites *Prutzman v. Armstrong,* 90 Wash.2d 118, 579 P.2d 359 (1978) where the court did hold that settlement of an uninsured motorist claim for less than policy limits was inadequate to constitute exhaustion under the Washington Insurance Guaranty Act. For the reasons I have set forth above, I reject the rule adopted by the state of Washington in *Prutzman,* and would hold to the contrary.

440

Samuel Y. Stroh, Pittsburgh, Raymond H. Bogaty, Grove City, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## ORDER

PER CURIAM:

Order affirmed.

548 A.2d 1224

**COMMONWEALTH of Pennsylvania, Respondent,**

**v.**

**Theodore CHASE, Petitioner.**

Supreme Court of Pennsylvania.

Oct. 24, 1988.

## ORDER

PER CURIAM.

The petition for allowance of appeal is granted, and the matter is remanded to Superior Court for consideration of the merits of the issues it held to be waived.